LODGED
NOV 2 3 2005

CATHERINE R. McCABE
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington D.C. 20530
REGINA R. BELT
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
801 B Street Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-3456
Facsimile: (907) 271-5827
E-Mail: regina.belt@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>　　　　　　　　Plaintiff, )<br>　　v. )<br><br>GARY C. HINKLE and JUDITH A. HINKLE, )<br><br>　　　　　　　　Defendants. ) | No. A05-0111 CV (RRB) |

**CERCLA CONSENT DECREE FOR SETTLEMENT OF RESPONSE
COSTS AND CIVIL PENALTY CLAIMS ASSOCIATED WITH
THE RIVER TERRACE RV PARK SITE**

CONSENT DECREE                         - 1 -

## I. **BACKGROUND**

A.   On May 19, 2005, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement from Gary C. Hinkle and Judith A. Hinkle ("the Hinkles" or the "Defendants") of response costs incurred by the United States in connection with the release of hazardous substances at the River Terrace RV Park Site located in Soldotna, Alaska (the "Site").   The complaint also sought a civil penalty pursuant to Sections 122(l) and 109(c) of CERCLA, 42 U.S.C. §§ 9622(l) and 9609(c), for Defendants' alleged failure to comply with the terms of an administrative order on consent issued by EPA for performance by Defendants of a removal action at the Site and reimbursement by Defendants of response costs incurred by the United States in connection with that removal action.

B.  Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

C.  EPA does not expect to incur additional response costs associated with the release of hazardous substances at the Site.

D.  The United States and the Hinkles agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and potentially complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ordered, adjudged, and decreed:

## II. **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and pursuant to 42 U.S.C. §§ 9607 and 9613(b).  The Court has personal jurisdiction over Defendants, and venue is proper in this district.  The Defendants shall not challenge

CONSENT DECREE                          - 2 -

the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and the Hinkles and upon their successors and assigns. Any change in ownership, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Hinkles under this Consent Decree.

### IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "AOC" shall mean the Administrative Order On Consent For Removal Action pertaining to the River Terrace RV Park Site issued by EPA, Docket No. 10-97-0139-CERCLA, on September 2, 1997, as amended, which appears as Appendix A to this Consent Decree.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

c. "Consent Decree" shall mean this Consent Decree and any appendices. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

d. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e. "Defendants" shall mean Gary C. Hinkle and Judith A. Hinkle.

f. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

CONSENT DECREE                    - 3 -

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Defendants.

l. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, associated with the removal action described in the AOC that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through September 30, 2005, plus accrued Interest on all such costs through that date.

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n. "Site" shall mean the River Terrace RV Park Site, encompassing approximately ten acres, located along the north bank of the Kenai River in Soldotna, Alaska at 44761 Sterling Highway in Section 32, Township 5N, Range 10W of the Seward Meridian in the Kenai Peninsula Borough. This Site is depicted in maps contained in the AOC that appears as Appendix A of this Consent Decree.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

//

//

//

CONSENT DECREE                    - 4 -

## V. **PAYMENTS TO BE MADE BY DEFENDANTS**

4. RESPONSE COSTS

a. Within ten Days of entry of this Consent Decree, Defendants shall pay to EPA two hundred forty-one thousand dollars ($241,000.00), plus an additional sum for Interest on that amount calculated from November 30, 2005 through the date of payment. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the DOJ account in accordance with instructions provided by the Financial Litigation Unit of the Office of the United States Attorney for the District of Alaska following lodging of this Consent Decree.

b. At the time of payment, Defendants shall also send notice that payment has been made to EPA and DOJ at the addresses below. Said notice shall refer to EPA Site Identification Number 104D, U.S.A.O. file number 2005Z00196\001, DOJ case number 90-11-3-07377, and Civil Action No. A05-0111 CV (RRB).

| | |
|---|---|
| Chief, Environmental Enforcement Section | Edward Kowalski |
| Environmental Enforcement Section | Regional Counsel |
| Environment & Natural Resources Division | U.S.E.P.A.  Region 10 |
| United States Department of Justice | 1200 Sixth Avenue |
| P.O. Box 7611  Ben Franklin Station | M/S ORC-158 |
| Washington, D.C.  20044-7611 | Seattle, Washington  98101 |

c. The total amount to be paid by the Settling Defendants pursuant to this Section shall be deposited in the EPA Hazardous Substance Superfund.

5. CIVIL PENALTY

a. Within ten Days of entry by the Court of this Consent Decree, Defendants shall pay to the United States a civil penalty in the amount of seven thousand five hundred dollars ($7,500.00). Payment shall be by EFT to the DOJ account in accordance with instructions provided by the Financial Litigation Unit of the Office of the United States Attorney for the District of Alaska following lodging of this Consent Decree. The EFT documents shall refer to U.S.A.O. file number 2005Z00196\001, DOJ case number 90-11-3-07377, and Civil Action No. A05-0111 CV (RRB). Payments by EFT must be received at the DOJ lockbox bank by 4:00 p.m. (Eastern time) to be credited on that day.

CONSENT DECREE                    - 5 -

b. Copies of the payment and transmittal documents shall be mailed to the persons identified above in Paragraph 4.

## VI. **FAILURE TO COMPLY WITH PAYMENT OBLIGATIONS**

6. INTEREST

a. If Defendants fail to make the payment required by Paragraph 4 by the date it is due, Interest shall continue to accrue on the unpaid balance through the date of payment.

b. If Defendants fail to make the payment required by Paragraph 5, interest shall accrue on the unpaid balance in accordance with 28 U.S.C. § 1961 through the date of payment.

7. STIPULATED PENALTIES

a. Nonpayment of Response Costs

1). If the amount due under Paragraph 4 (Response Costs) is not paid by the required date, Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 7.a., one thousand dollars ($1,000.00) per day that such payment is late.

2). Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the Party or Parties making payment, the River Terrace RV Park Site, EPA Site Identification Number 104D, DOJ Case Number 90-11-3-07377, and Civil Action No. A05-0111 CV (RRB). Defendants shall send the check (and any accompanying letter) to:

> Mellon Bank
> EPA Region 10 Superfund
> P.O. Box 371099M
> Pittsburgh, Pennsylvania 15251

3). At the time of each payment, Defendants shall also send notice that payment has been made to the EPA and DOJ personnel identified in Paragraph 4. Such notice shall include the same references as are required in Paragraph 7.a.2).

CONSENT DECREE                     - 6 -

b. Nonpayment of Civil Penalty

1). If the amount due under Paragraph 5 (Civil Penalty) is not paid by the required date, Defendants shall be in violation of this Consent Decree and shall pay to the United States, as a stipulated penalty, in addition to the interest required by Paragraph 6.b., the amount of one hundred dollars ($100.00) per day for each day that the civil penalty remains unpaid.

2). Stipulated penalties shall be paid and notice of payment provided in the same manner as that set forth in Paragraph 5 above for payment of the civil penalty and notice thereof.

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

d. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Defendants from their obligations to make the payments required by Section V or from performance of any other requirements of this Consent Decree.

8. GENERAL

a. The obligations of Defendants to pay amounts owed the United States under this Consent Decree are joint and several.

b. Payment of the civil penalty required by Paragraph 5 and payment of any stipulated penalties pursuant to Paragraph 7 are not deductible by Defendants or either of them or by any other person for federal, state, or local tax purposes.

c. Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

CONSENT DECREE                              - 7 -

d. If the United States brings an action to enforce this Consent Decree, Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

## VII.  COVENANT NOT TO SUE BY UNITED STATES

9. Except as specifically provided in Section VIII below, the United States covenants not to sue or to take administrative action against Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of the payments required by Section V and any amounts due under Section VI. This covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Consent Decree. This covenant not to sue extends only to Defendants and does not extend to any other person.

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

10. The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the United States' covenant not to sue. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Defendants with respect to:

(a) claims based on a failure by Defendants to meet a requirement of this Consent Decree;

(b) liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

(c) liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

(d) liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

(e) criminal liability.

This reservation of rights supersedes the reservation of rights appearing in Section XI of the AOC.

CONSENT DECREE                         - 8 -

## IX. COVENANT NOT TO SUE BY DEFENDANTS

11. Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Alaska, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

12. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X. EFFECT OF SETTLEMENT

13. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

14. The Parties agree, and by entering this Consent Decree this Court finds, that Defendants are entitled, as of the date of entry of this Decree, to protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree. For the purpose of this Paragraph, the "matters addressed" in this Consent Decree are Past

Response Costs, as that term is defined in Section IV above.

15. Defendants agree that, with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree, they will notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

16. Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree, they will notify in writing the United States within 10 days of service of the complaint on it. In addition, Defendants shall notify the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

17. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by United States appearing in Section VII above.

18. Upon receipt by EPA of all payments required by Section V (Payments To Be Made By Defendants) and any amounts due under Section VI (Failure To Comply With Payment Obligations), the removal action at the Site that is the subject of the AOC shall be deemed complete. The Covenant Not to Sue set forth in Section VII above shall supersede the covenant not to sue appearing in section XIII of the AOC.

## XI. RETENTION OF JURISDICTION

19. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

//

//

CONSENT DECREE                          - 10 -

## XII.  INTEGRATION/APPENDICES

20.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

21.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Defendants consent to the entry of this Consent Decree without further notice.

22.  If, for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV.  SIGNATORIES

23.  Gary C. Hinkle, Judith A. Hinkle, and the Deputy Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

24.  This Consent Decree may be executed in any number of counterparts and by any combination of the signing entities in separate counterparts, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same Consent Decree.

25.  Each Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

CONSENT DECREE                   - 11 -

## XV. **FINAL JUDGMENT**

26. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED THIS 14 DAY OF March , 2006.

HONORABLE RALPH R. BEISTLINE
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States v. Cary C. Hinkle and Judith A. Hinkle*, No. A05-0111 CV (RRB) (D. Alaska), relating to the River Terrace RV Park Site in Soldotna, Alaska.

Date: *November 11, 2005*

FOR THE UNITED STATES OF AMERICA

CATHERINE R. McCABE
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20044-7611

Date: *10 November 2005*

REGINA R. BELT
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
805 B Street, Suite 504
Anchorage, Alaska  99501-3657

Date: _____

DANIEL D. OPALSKI
Director, Office of Environmental Cleanup
U.S. Environmental Protection Agency –
    Region 10
1200 Sixth Avenue
Seattle, Washington  98101

CONSENT DECREE                    - 13 -

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States v. Gary C. Hinkle and Judith A. Hinkle*, No. A05-0111 CV (RRB) (D. Alaska), relating to the River Terrace RV Park Site in Soldotna, Alaska.

FOR THE UNITED STATES OF AMERICA

Date:_____

CATHERINE R. McCABE
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20044-7611

Date: _10 November 2005_

REGINA R. BELT
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
805 B Street, Suite 504
Anchorage, Alaska  99501-3657

Date: _____

DANIEL D. OPALSKI
Director, Office of Environmental Cleanup
U.S. Environmental Protection Agency –
  Region 10
1200 Sixth Avenue
Seattle, Washington  98101

CONSENT DECREE                    - 13 -

THE UNDERSIGNED PARTY enters into this Consent Decree in *United States v. Gary C. Hinkle and Judith A. Hinkle*, No. A05-0111 CV (RRB) (D. Alaska), relating to the River Terrace RV Park Site in Soldotna, Alaska.

FOR THE UNITED STATES OF AMERICA

Date:_____

_____
CATHERINE R. McCABE
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20044-7611

Date:_____

_____
REGINA R. BELT
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
805 B Street, Suite 504
Anchorage, Alaska  99501-3657

Date: _11/18/05_

_____
DANIEL D. OPALSKI
Director, Office of Environmental Cleanup
U.S. Environmental Protection Agency –
   Region 10
1200 Sixth Avenue
Seattle, Washington  98101

CONSENT DECREE                    - 13 -

THE UNDERSIGNED PARTIES enters into this Consent Decree in *United States v. Gary C. Hinkle and Judith A. Hinkle*, No. A05-0111 CV (RRB) (D. Alaska), relating to the River Terrace RV Park Site in Soldotna, Alaska.

FOR DEFENDANT GARY C. HINKLE

10-03-05

GARY C. HINKLE
P.O. Box 322
Soldotna, Alaska 99669

FOR DEFENDANT JUDITH A. HINKLE

10/3/05

JUDITH A. HINKLE
P.O. Box 322
Soldotna, Alaska 99669

//

//

//

//

//

//

//

//

//

//

//

//

CONSENT DECREE                    - 14 -